# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimball Area Public Schools, Independent School District No. 739, | Civil Case No. 23-CV-02637 (NEB/LIB) |
| Plaintiff/ Counterclaim Defendant, | |
| v. | **REPLY TO COUNTERCLAIM** |
| I.R.M., by and through his Parent, L.M., | |
| Defendants/ Counterclaim Plaintiffs. | |

Counterclaim Defendant Kimball Area Public Schools, Independent School District No. 739 (the "District"), as and for its Reply to Counterclaim Plaintiffs I.R.M., by and through his Parent, L.M.'s Counterclaim, state and allege as follows:

1. Except as expressly admitted or otherwise qualified herein, the District denies each and every fact, matter, and allegation in Defendants' Counterclaim.

2. With respect to the introductory paragraphs, such paragraphs are not structured in a manner that allows responsive pleading. To the extent a response is required, the District denies the allegations proffered in narrative form on pages 13 and 14.

3. With respect to Paragraph 1, the District admits only that, upon information and belief, Defendants I.R.M and L.M. reside in Clearwater, Minnesota; that I.R.M. attended school in the District from the beginning of the 2020-2021 school year until

February 27, 2023 and then again from March 13, 2023 through the present; and that I.R.M is a public-school student with a disability. The District affirmatively alleges that I.R.M. was unenrolled in the District by L.M. on February 27, 2023 and returned to the District on March 13, 2023.

4. With respect to Paragraph 2, the District admits only that it is a public entity as defined in 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104. The District denies that its "agents" and "instrumentalities" are a "public entity." The remainder of Paragraph 2 is a legal conclusion to which no responsive pleading is required; to the extent one is required, Defendant denies.

5. With respect to Paragraph 3, the District admits only that, upon information and belief, I.R.M. has been diagnosed with SYNGAP1; that I.R.M. suffers from a series of health issues because of said diagnosis; and that I.R.M. has a medical history of neuroblastoma and chylous ascites.

6. With respect to Paragraph 4, the District admits only that, upon information and belief, autism inhibits I.R.M.'s ability to perceive danger, causes meltdowns, causes elopement, and causes stimming.

7. The District admits the allegations in Paragraph 5.

8. With respect to Paragraph 6, the District admits only that I.R.M. is a student enrolled in the District. The remaining allegations are legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, the District denies.

9. With respect to Paragraph 7, the District admits only that I.R.M. has a service dog, Dewey, from Can Do Canines of New Hope, Minnesota and, upon information and belief, Dewey is trained to perform tasks for the benefit of individuals with disabilities.

10. With respect to Paragraph 8, the District lacks sufficient information to admit or deny the allegations regarding Dewey's training, and therefore denies the same.

11. With respect to Paragraph 9, the District admits only that, while at school in the District, I.RM. and Dewey are connected to each other by a cape that tethers I.R.M. to Dewey via a belt worn by I.R.M.; that Dewey's cape has a handle for I.R.M. to hold; and that Dewey has a leash that is used by the adult handler. The District denies that Dewey stops I.R.M. from eloping and that I.R.M. uses Dewey's cape handle whenever he is transitioning and walking in an education setting.

12. With respect to Paragraph 10, the District admits only that Dewey does not require meal or restroom breaks during I.R.M.'s typical four-hour school day. The District denies the remaining allegations in Paragraph 10.

13. The District admits the allegations in Paragraphs 11 and 12 and affirmatively alleges that District Policy 535 contains additional relevant provisions not quoted in the Counterclaim.

14. With respect to Paragraph 13, the District admits only that, as part of his disability, I.R.M. engages in self-injurious behavior that sometimes results in self-inflicted bite marks, broken skin, bruises, and scratches. The District affirmatively alleges that the frequency of I.R.M.'s self-injurious behavior in September, 2022, was consistent

with I.R.M.'s conduct in prior school years, and that the frequency of I.R.M.'s self-injurious behaviors decreased in October, 2022 prior to Dewey's attendance at school. The District further affirmatively alleges that I.R.M.'s self-injurious behavior did not cease after L.M. began attending school with Dewey.

15. With respect to Paragraph 14, the District admits only that I.R.M. could not serve as Dewey's handler as required by District Policy 535. The District denies that it did not permit I.R.M to attend school with Dewey; that its personnel refused to assist in any manner with supporting I.R.M.'s use of Dewey; and that District Policy 535 violates the ADA. The District lacks sufficient information to admit or deny whether the District's position regarding I.R.M.'s use of Dewey was inconsistent with other modifications and accommodations for children with service dogs granted by other Minnesota public schools and therefore denies the same. The District affirmatively alleges that whether other Minnesota schools provide handlers for service animals when a student cannot serve as the handler does not alter whether such provision is legally required, and, upon information and belief, that other Minnesota public schools allow service dogs to attend school with a student when such student acts as handler of the service dog.

16. With respect to Paragraph 15, the District admits only that L.M. began to attend Kimball Elementary to act as Dewey's Handler on October 24, 2022. The District denies that L.M. was "required" to attend Kimball Elementary and affirmatively alleges that, as L.M. was informed, Counterclaim Plaintiffs could have sent any qualified adult handler to school with Dewey.

17. The District denies the allegations in Paragraph 16. The District affirmatively alleges that L.M. actively redirected I.R.M. away from educational activities in the classroom and interfered with the ability of teachers and support personnel to provide I.R.M. instruction and services.

18. Paragraph 17 contains numerous compound allegations that the District responds to as follows:

- The District denies that its employees acted with hostility to Counterclaim Plaintiffs.

- The District denies that its employees ostracized L.M. by refusing to acknowledge her presence.

- The District denies that special education staff intentionally and deliberately interfered with I.R.M.'s access and use of Dewey and affirmatively alleges that educators sought opportunities to include Dewey or for I.R.M. to access Dewey when appropriate.

- The District denies that it offered I.R.M. an education program that denied him access to critical private services and affirmatively alleges that it proposed an education program that met I.R.M.'s educational needs.

- The District admits only that it rearranged the physical environment in I.R.M.'s special education classroom but denies that I.R.M. was not in close proximity with Dewey. The District affirmatively alleges that rearranging the classroom space was related to meeting the educational needs of one of the several other students who worked in that classroom

throughout the day and that it moved the furniture back to its prior location after L.M. raised a concern.

- The District admits only that it changed which single-user restroom I.R.M. used during the school year and denies that one restroom is "far nearer" than the other. The District affirmatively alleges that the decision to switch restrooms was because I.R.M. originally used the restroom in the health office and L.M. expressed concern that I.R.M. would be in close proximity to children who were ill in the health office when he used the restroom.

- The District denies that I.R.M. was denied access to Dewey for calming and transitions.

- The District denies that it used alternate cues and prompts because it does not know what "alternate" means in this context. District staff did not prompt or cue Dewey during the 2022-2023 school year because L.M., as handler, was present to prompt or cue Dewey. If it is intended to mean that staff gave I.R.M. alternate prompts and cues, the District lacks sufficient information to admit or deny what the alteration was and therefore denies the same. I District affirmatively alleges that it used educational techniques consistent with best practices and I.R.M.'s unique needs to direct his learning.

- The District denies that it used aversive stimuli with I.R.M.

- The District admits only that its staff briefly used a light-up book to help I.R.M. enter the school building in the morning because lights are

6

something I.R.M. prefers and denies that the book was aversive or prompted a meltdown. The District affirmatively alleges that, despite its staff observing I.R.M. enjoying the book, District staff stopped using the book to help I.R.M. transition after L.M.'s attorney informed the District's attorney that she did not approve of District staff using the book with I.R.M.

- The District admits only that at least one of the items in a bin of sensory objects available to all students in I.R.M.'s special education classroom included a ball with a bell in it; that I.R.M. often chose to hold the ball in his hand as he transitioned from one space to another; and that, at times, staff shook the bell to draw I.R.M's attention to it because they knew he liked it. The District denies that staff shook a cat toy in I.R.M.'s face.

- The District denies that any of its varied, evidence based practices tailored to I.R.M. were intended to distract I.R.M. from using Dewey.

- The District denies that it "persistently changed I.R.M.'s transitions throughout the school day" and affirmatively alleges that changes to I.R.M.'s schedule related to his educational needs or school wide variations in the daily schedule.

- The District denies that it exploited I.R.M.'s disability or created instability in his educational environment.

- The District denies that it "punished" I.R.M. with a half-day suspension and affirmatively alleges that, on one occasion, I.R.M. had become so escalated

7

and fixated on a robotic vehicle used in STEM class that the Principal recommended L.M. take I.R.M. home because a change in environment would be beneficial to stopping I.R.M.'s meltdown. The District further affirmatively alleges that, as was explained to L.M. at the time, it provided L.M. with a notice of suspension because the District knew the Minnesota Department of Education expected circumstances where a school suggested a special education student leave early because of behavior to be documented as a suspension, that the District fully understood I.R.M.'s conduct was because of his disability, and that the documentation of his absence as a suspension was not intended to be disciplinary.

19. With respect to Paragraph 18, the District admits only that Counterclaim Plaintiffs filed a motion for a temporary restraining order with the Administrative Law Judge, which was denied; that it directed L.M. to not interrupt staff to comment on their teaching or compliance with I.R.M.'s Individualized Education Program during class; that after L.M. continue to make critical comments under her breath that were heard by staff , the District directed her that she could only speak to staff to greet them; that the District informed L.M. she could not use her cell phone in the classroom after she had been observed taking photographs that included other students; that L.M. was directed not to use her hold on Dewey's tether to restrain I.R.M.; and, that after several warnings, the District suspended L.M. from attending school as handler for two days because of her continued conduct and interference with I.R.M.'s participation in classroom activities without any upsets or need for redirection to Dewey or another support. The District

further admits that it held L.M. to different standards that District personnel because L.M. was a visitor, not District personnel, and L.M. was not subject to the same laws, rules, and expectations as personnel; to wit, while the District never restricted L.M.'s restroom use, the District did not provide L.M. restroom breaks because L.M. was free to leave the classroom or building to take care of her personal needs at any time. The District denies in the strongest possible terms that it in any way obstructed, interfered with, or engaged in reprisal against L.M.; that its employees made spurious and false allegations against L.M.; and that its employees falsely alleged L.M. had permitted I.R.M. to sit in her lap and assisted I.R.M. with scissor work. The District affirmatively alleges that L.M. admitted to allowing I.R.M. to sit in her lap during her testimony in the due process hearing that is the subject of the Complaint.

20.     With respect to Paragraph 19, the District admits only that Counterclaim Plaintiffs filed an administrative hearing request on December 16, 2022 with the Minnesota Department of Education; that the District filed an administrative hearing request on April 7, 2023; that the complaints were joined; that an Administrative Law Judge appointed by the Office of Administrative Hearings presided over an evidentiary hearing held on May 1, 2, 3, 4 and 23, 2023; and that the District appealed the June 30, 2023 decision to the United States District Court, District of Minnesota. The District affirmatively alleges that Defendants' December 16, 2022 administrative hearing request was for Dewey to be included as a support for I.R.M. in his IEP and for the District to provide staff support for Dewey; that the December 16, 2022 hearing request was dismissed as moot on March 9, 2023; that Counterclaim Plaintiffs filed a second request

for an administrative hearing on March 23, 2023; that the District's April 7, 2023 administrative hearing request was to override L.M.'s objection to the District's proposed Individualized Education Program for I.R.M.; and that the District appealed the June 30, 2023 decision because the Administrative Law Judge's decision was based on multiple errors of fact and law.

21.  The District denies the allegations in Paragraph 20 of the Defendants' Counterclaim. The District affirmatively alleges that I.R.M. participates in music class with his peers instead of STEM class because STEM class contains several stimuli that are known triggers for I.R.M.'s aggressive behaviors, including the incident that resulted in I.R.M. needing to be sent home early; that I.R.M.'s participation in music class has increased as a result of the consistency of his attendance rather than alternating weeks with STEM; that L.M. has not raised any concerns about I.R.M. not participating in STEM or playing outside in the morning rather than eating breakfast prior to the District's receipt of the Counterclaim; and that now that the District is aware of L.M.'s concerns on these two matters, the District will address them in an upcoming meeting with L.M.

22.  No responsive pleading is required to Paragraph 21 of the Defendants' Counterclaim.

23.  Paragraphs 22 – 25 of Defendants' Counterclaim are legal conclusions to which no response is required; to the extent a response is required, the District denies.

24.  No responsive pleading is required to Paragraph 26 of the Defendants' Counterclaim.

25. Paragraphs 26 – 30 of Defendants' Counterclaim are legal conclusions to which no response is required; to the extent a response is required, the District denies.

## AFFIRMATIVE DEFENSES

26. Counterclaim Plaintiffs have failed to exhaust their administrative remedies as required under the Individuals with Disabilities in Education Act and Section 504.

27. The Counterclaim fails to state a claim upon which relief may be granted.

28. Counterclaim Plaintiffs have failed to plead factual allegations that plausibly support its claims.

29. The District affirmatively alleges that Counterclaim Plaintiffs must pursue their claims for discrimination based on access to educational services under Section 504 rather than the ADA.

30. The District affirmatively alleges that Dewey is not under I.R.M.'s control within the meaning of 28 C.F.R. § 35.136(d) while I.R.M. is attending school in the District.

31. The District affirmatively alleges it is not required to provide a handler for Dewey under 28 C.F.R. § 35.136(e), as public entities are not responsible for the care or supervision of a service animal; and that this more specific provision of the regulations applies to requests for service animals rather than the more general requirements regarding accommodations.

32. The District affirmatively alleges that, even if 28 C.F.R. § 35.136(e) is not dispositive, that the level of support I.R.M. requires to utilize Dewey would not be a reasonable accommodation as that term is used in the Americans with Disabilities Act.

33. The District affirmatively alleges that it had legitimate, non-retaliatory reasons for its actions and did not retaliate against Counterclaim Plaintiffs within the meaning of 42 U.S.C. § 12203(a).

34. The District reserves the right to assert any and all additional affirmative defenses found in Minnesota statute, Federal statute and regulation, the Federal Rules of Civil Procedure, or any other source of law as may be identified through further investigation and discovery.

**WHEREFORE**, the District prays that Counterclaim Plaintiffs take nothing against it in this matter, that the same be dismissed with prejudice, and that the District recover judgment for its costs and disbursements along with any other relief this Court deems just and equitable.

SQUIRES, WALDSPURGER & MACE, P.A.

Dated: November 14, 2023

By: *s/Elizabeth J. Vieira*
Elizabeth J. Vieira (Atty. No. 392521)
William M. Seiler (Atty. No. 403745)
333 South Seventh Street, Suite 2800
Minneapolis, MN  55402
P: (612) 436-4300
F: (612) 436-4340
liz.vieira@raswlaw.com
will.seiler@raswlaw.com

**ATTORNEYS FOR PLAINTIFF/COUNTERCLAIM DEFENDANTS KIMBALL AREA PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT NO. 739**

SWM: 254513