UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimball Area Public Schools, Independent School District No. 739, | Civil Case No. 23-CV-02637 (NEB/LIB) |
| Plaintiff/ Counterclaim Defendant, | **PLAINTIFF/ COUNTERCLAIM DEFENDANT'S STATEMENT OF THE CASE** |
| v. | |
| I.R.M., by and through his Parent, L.M., | |
| Defendants/ Counterclaim Plaintiffs. | |

Plaintiff/ Counterclaim Defendant Kimball Area Public Schools, Independent School District No. 739 (the "District") hereby submit the following Statement of the Case regarding the above-referenced matter.

**I.    Facts of the Case**

This case originates out of an administrative hearing requested by the Defendants/ Counterclaim Plaintiffs ("Defendants") and the District regarding whether support for I.R.M.'s ("Student's") autism assistance dog ("AAD") must be included in Student's individual education plan ("IEP") in order for him to be provided a free appropriate public education ("FAPE"). On December 16, 2022, L.M. ("Parent") filed a Complaint and Request for Hearing with the Minnesota Department of Education ("MDE") against the District, asserting that the District is required to provide a handler for Student's AAD as a "related service" under 34 C.F.R. 300.34.

1

Following Parent's Complaint, on January 12 and 23, 2023, the District convened Student's IEP team for a meeting to discuss revisions to Student's IEP. The District proposed a revised IEP for Student, dated January 12, 2023, which modified Student's academic schedule from an altered half-day schedule to a full-day schedule and made other revisions for academic and behavioral supports to provide Student with FAPE. The proposed IEP did not include District staff support for Student's AAD. Parent rejected the District's proposed IEP on February 8, 2023. On February 27, 2023, Parent's legal counsel notified the District's legal counsel that Student would be homeschooled. The District brought a motion to dismiss Parent's December 16, 2022 Complaint and request for due process hearing as moot. Administrative Law Judge Lipman granted the District's motion to dismiss based on mootness, and entered an Order for Dismissal on March 9, 2023. Because the District's motion to dismiss was granted, the Parent was not the prevailing party in the initial complaint.

Later on March 9, Parent contacted the District to re-enroll Student. Student returned to the District on March 13, 2023. Two days after Student started classes again, Parent's legal counsel again requested that Student's IEP team include Student's AAD as a related service in his IEP and that District personnel provide support for Student's AAD. On March 23, 2023, the District denied Parent's request and Parent filed a second Due Process Complaint and Request for Hearing with the Minnesota OAH that same day.

On April 7, 2023, the District filed its own Due Process Complaint and Request for Hearing pursuant to 34 C.F.R. § 300.507(a)(1), requesting that an ALJ override Parent's objection to the District's January 12, 2023 proposed IEP. By Order dated April 25, 2023,

Parent's Second Hearing Request and the District's Hearing Request were combined. On May 1-4 and 23, 2023, ALJ Lipman presided over a Due Process Hearing regarding both the District's Due Process Complaint and Parent's Second Due Process Complaint, with post-hearing briefs being submitted to ALJ Lipman on June 9, 2023.

On June 30, 2023, the ALJ issued Findings of Fact, Conclusions of Law, and an Order. The Findings of Fact, Conclusions of Law, and Order found that Student should remain on an altered half-day schedule; that the District must provide AAD handling services, at public expense, to support Student's use of his AAD at school, and include the same in Student's IEP; and that the District may implement, "if it sees fit," the "other features of the proposed January 12, 2023 IEP as written." The District has since implemented ALJ Lipman's Order.

On August 28, 2023, the District filed the instant appeal of ALJ Lipman's Findings of Fact, Conclusions of Law, and Order pursuant to 20 U.S.C. § 1415(i)(2) in Federal District Court, asserting that it was premised on errors of fact and law. On October 24, 2023, Parent answered the District's Complaint and asserted Counterclaims against the District, alleging violations of the Americans with Disabilities Act.

**II.      Particularized Facts which Support the District's Claims**

ALJ Lipman's Order contains numerous legal and factual errors that are the subject of appeal to this Court. First, ALJ Lipman's Order contains multiple findings of fact that are not supported by substantial evidence in the record or ignore credible evidence to the contrary. Second, ALJ Lipman's order that the District provide Student with an AAD handler is unsupported by federal law and runs contrary to provisions of the Americans

with Disabilities Act. Third, ALJ Lipman's order that District staff act as a handler of Student's AAD violates Minnesota Statutes Section 125A.0942 governing restrictive procedures and requires the District to use impermissible "physical holding" techniques on Student. Fourth, ALJ Lipman did not conclude that each component of the order to the District is necessary to provide Student FAPE. And fifth, that ALJ Lipman showed clear bias towards the Parent during the hearing and substituted his own judgment or that of lay witnesses on educational matters for which he should have deferred to licensed educators.

### III.    Particularized Facts which Support the District's Defenses

The Counterclaims stem from Parent's disagreement with the District's position that the ADA does not require it to provide a handler for Student's AAD while he is at school. In the mid-spring of 2022, Parent began telling some District staff members that Student had acquired his AAD and that the AAD would begin coming to school with Student during the 2022-2023 school year. The District's Elementary Principal informed Parent on September 12, 2022 that Student's AAD was permitted to accompany Student to school, but that Parent would need to provide a handler for the AAD if Student was unable to fill such role. In response, Parent requested that a District staff member act as Student's AAD handler.

On October 17, 2022 the District met with Parent to discuss what support Student would need for his AAD at school. During this meeting, the District discovered that District staff would be responsible for an extensive list of tasks if they were to act as handler of the AAD. Because of this, the District notified Parent via letter on October 19, 2022 that District staff would not serve as handler for Student's AAD because the ADA did not

4

require the District to provide such a service. In response, Parent began attending school with Student on October 24, 2022 to act as his AAD's handler. While acting as handler, Parent caused several disruptions in the classroom and interfered with Student's and other District students' academic work. Because of the repeated disruption, the District sought to enforce its visitor policy and other basic expectations for how a non-employee adult should act in a child's classroom. All actions taken by the District were in direct response to Parent's behavior while acting as Student's AAD handler and as a visitor in the District's school.

Parent now generally alleges that the District's decision not to provide a handler for Student's AAD is a violation of the ADA and that the District retaliated against Parent and Student after they made their request for a District staff member to act as handler. Under the ADA, a service animal must be under the control of a handler and public entities are not responsible for the care or supervision of a service animal. 28 C.F.R. § 35.136(d); 28 C.F.R. § 35.136(e). Student is not capable of controlling his AAD, and not only requires a handler to be able to access the support of his AAD, but also requires a handler to help with the regular care and supervision of his AAD.

**IV.   Itemization of Claimed Damages**

The District does not claim any damages in this matter and seeks only reversal of the ALJ's decision.

|  |  |
|---|---|
|  | **SQUIRES, WALDSPURGER & MACE, P.A.** |
| Dated: November 28, 2023 | By: *s/Elizabeth J. Vieira*<br>Elizabeth J. Vieira (Atty. No. 392521)<br>William M. Seiler (Atty. No. 403745)<br>333 South Seventh Street, Suite 2800<br>Minneapolis, MN  55402<br>P: (612) 436-4300<br>F: (612) 436-4340<br>liz.vieira@raswlaw.com<br>will.seiler@raswlaw.com<br><br>**ATTORNEYS FOR PLAINTIFF/ COUNTERCLAIM DEFENDANT KIMBALL AREA PUBLIC SCHOOLS** |