UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KIMBALL AREA PUBLIC SCHOOL, ISD No. 739,<br><br>　　　　　Plaintiff/Counter Defendant,<br>v.<br><br>I.R.M., by and through his parent, L.M.,<br><br>　　　Defendants/Counter Claimants. | Civil File No. 23-cv-2637 (NEB/LIB)<br><br>**JOINT RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 13, 2023, and prepared the following report.

**(a)　Description of the Case**.

(1) Concise factual summary of Defendants' Appeal and Counter Claimants claims:

Defendants' Appeal:

This case originated as a special education due process administrative hearing. The Defendants, L.M. and I.R.M., filed a due process hearing request, asking that the Administrative Law Judge ("ALJ") order the Plaintiff, Kimball Area Public Schools, to provide staff support to allow I.R.M. to access his Autism Assistance Dog ("AAD") while at school. The Plaintiff filed its own due process hearing request, asking that the ALJ implement its proposed Individualized Education Program ("IEP"), which did not contain staff support to allow I.R.M. to access his IEP. The proposed IEP also required I.R.M. to attend school full days. A due process hearing took place May 1, 2, 3, 4, and 23, 2023. On June 30, 2023, the ALJ issued its Findings of Fact, Conclusions of Law, and Order ("Order"). In its Order, the ALJ ordered the Plaintiff to provide AAD handling services at public expense to I.R.M. and ordered the Plaintiff

1

to provide an altered school day so that I.R.M. can attend private therapeutic services. The ALJ's Order applied the correct legal standards and is supported by all of the evidence in the administrative hearing record. The IEP the ALJ ordered provides I.R.M. with a free appropriate public education ("FAPE") pursuant to 20 U.S.C. § 1414(d). Accordingly, this Court should not reverse the ALJ's Order

Counter Claimants brought this action for a jury trial against the Kimball Area Public Schools ("Counter Defendant") for violation of Title II of the Americans with Disabilities Act of 2009 ("ADA"), 42 U.S.C. §§ 12131-12134, and the Title II implementing regulation, 28 C.F.R. Part 35, by failing to reasonably modify its policies, practices, or procedures to permit a student, I.R.M., to bring his service dog ("Dewey") to school unless accompanied by a separate, full-time, adult handler provided at times by I.R.M.'s mother, L.M.. 42 U.S.C. § 12132; 28 C.F.R. § 35.136(a). Counter Claimants also brought this action against Kimball for violation of Title V of the ADA, 42 U.S.C. § 12203(b) by retaliating against Counter Claimants L.M. and I.R.M., who opposed Kimball's unlawful policy and practice, by intimidating, threatening, and interfering with I.R.M.'s participation in his public education and Counter Claimant L.M. for aiding the exercise of I.R.M.'s rights.

(2) Concise factual summary of Plaintiff and Counter Defendant's claims/defenses:

This case originates out of a special education due process hearing between Kimball Area Public Schools and Defendants. L.M. claimed support for I.R.M.'s autism assistance dog, Dewey, must be included in I.R.M's individualized education program ("IEP") in order for him to receive a free appropriate public education ("FAPE"). Additionally, the District requested a hearing determining that its proposed IEP offered I.R.M. FAPE. Both parties presented their cases on their respective Due Process Complaints and Requests for Hearings at a hearing on May

1-4 and 23, 2023 before an Administrative Law Judge ("ALJ"). On June 30, 2023, the ALJ issued Findings of Fact, Conclusions of Law, and an Order in the matter, which contained multiple errors of fact and law, failed to consider credible evidence, and ignored relevant Minnesota law applicable to the District. The District's lawsuit is an appeal of this underlying administrative procedure pursuant to 20 U.S.C. § 1415(i)(2). The relevant facts are established by the record of the administrative proceedings and the decision on the District's complaint is an appellate review based on the record.

In response to its appeal, Defendants/ Counterclaim Plaintiffs brought a counterclaim against the Kimball alleging violations of the Americans with Disabilities Act. In addition to these claims being unsupported by factual evidence, Defendants/Counterclaim Plaintiffs have failed to exhaust their administrative remedies under IDEA and Section 504 and failed to plead violations regarding discrimination based on access to educational services under Section 504. The ADA also does not require the District to provide a handler for Dewey under 28 C.F.R. § 35.136(e), as public entities are not responsible for the care or supervision of a service animal.

The District also had legitimate, non-retaliatory reasons for its actions and did not retaliate against Defendants/ Counterclaim Plaintiffs.

(3) Statement of jurisdiction (including statutory citations):

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367; and 42 U.S.C. § 1983.

(4) Summary of factual stipulations or agreements:

None.

(5) Statement of whether a jury trial has been timely demanded by any party:

A jury trial was timely requested.

(6) Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

3

All pleadings have been served and neither party intend to amend to add additional parties.

(7) If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured: and

Kimball is covered by EMC Insurance, with limits of coverage as follows:

Each Loss: $1,000,000

Each Claimant: $1,000,000

Aggregate for Each Policy Term: $2,000,000.

(8) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

No.

**(b) Fact Discovery.**

Defendants' Appeal – Fact discovery is not permitted on appeal.

The parties recommend that the Court establish the following fact discovery deadlines and limitations for the Counterclaims:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before: February 9, 2024.

(2) The parties must commence fact discovery procedures in time to be completed by July 26, 2024.

(3) The parties *do not* believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.  (If so, describe.).

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(a) No more than a total of 25 interrogatories in accordance with FRCP 33(a) shall be served by each side;

(b) No more than 25 document requests shall be served by each side.  The parties understand that objections to document requests must meet the requirements of FRCP 34(b)(2)(B); and

  (c) No more than 25 requests for admissions shall be served by each side.

(5) No more than 2 Rule 35 Medical Examinations shall be taken by Defendant Kimball and shall be completed by June 28, 2024.

(6) No more than 7 fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

(7) Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions:

  None.

(8) The parties have agreed upon the following additional limitations to discovery procedures:

  None.

(9) Other discover issues.

 (a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed.R.Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: None

 (b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and *do* request the Court to include the following agreement in the scheduling order or as part of a protective order:

  The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:

None.

**(c)** **Expert Discovery.**

The parties anticipate that they *will* require expert witnesses at the time of trial.

1) Counter Claimants L.M. and I.R.M. anticipate calling 3 (number) experts in the fields of: service animals, psychology and/or neuropsychology, and public education. Defendant Kimball anticipates calling 3 (number) experts in the fields of: service animals, psychology and/or neuropsychology, and public education. Each party may take one deposition per expert.

2) Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by Counter Claimants on or before March 29, 2024.
      Disclosures by Counter Claimants on or before May 30, 2024.

   b) Identities by Counter Defendant on or before May 31, 2024.
      Disclosures by Counter Defendant on or before July 26, 2024.

   c) Rebuttal identities and disclosures on or before August 29, 2024.

3) Expert discovery, including depositions, shall be completed by August 29, 2024.

**(d)** **Non-Dispositive Motion Deadlines**

The parties propose the following deadlines for filing non-dispositive motions:

1) Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before 90 days from date of pretrial order.

2) All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before August 30, 2024.

3) Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, *shall be filed and served in the appeal on or before February 15, 2024, and* shall be filed and served in the

6

counterclaims on or before September 27, 2024. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4) All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before August 12, 2024.[**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

**(e)    Protective Order**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx*).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Brisbois's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**(f)    Dispositive Motion Deadlines**

The parties *do not* believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions related to the appeal be filed and served (and heard, depending on District Judge assigned) on or before March 29, 2024 and that all dispositive motions related to the counter claims be filed and served (and heard, depending on District Judge assigned) on or before October 25, 2024.

**(g)    Settlement**

1) The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff and a written

7

response by the Defendants.  The same written demand shall be made by the Counter Claimants and a written response by the Counter Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows:

    None.

2) Each party will email to Magistrate Judge Brisbois's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Brisbois in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Brisbois for ruling.]

3) The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**(h)**     **Trial**

1) Trial by Magistrate Judge:

The parties *have not* agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties' consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2) The parties agree that this case will be ready for trial on **February 24, 2025**. The anticipated length of the **jury** trial is three to four (3-4) days.

                        AUTISM ADVOCACY & LAW CENTER, LLC

DATE: November 28, 2023

                        /s/ Jason Schellack
                        Jason Schellack, License No. 0391579
                        901 North Third Street

|  |  |
|---|---|
|  | Suite 120<br>Minneapolis, MN 55421<br>Tel. 612.200.9920<br>Email: jason@autismlawcenter.com |
|  | Attorney for Defendants on Appeal |
|  | Kane Education Law, LLC. |
| DATE: November 28, 2023 | /s/ Margaret O'Sullivan Kane<br>Margaret O'Sullivan Kane/ID # 220243<br>1041 Grand Avenue, Suite 263<br>Saint Paul, Minnesota 55105<br>Tel. 651.222.8611<br>mkane@kaneeducationlaw.com |
|  | Attorney for Counter Claimant |
|  | Squires, Waldspurger & Mace, P.A. |
| DATE: November 28, 2023 | /s/ William A. Seiler<br>Elizabeth J. Vieira (Atty. No. 392521)<br>William M. Seiler (Atty. No. 403745)<br>333 South Seventh Street, Suite 2800<br>Minneapolis, MN 55402<br>P: (612) 436-4300<br>F: (612) 436-4340<br>liz.vieira@raswlaw.com<br>will.seiler@raswlaw.com |
|  | Attorneys for Plaintiff and Counter Defendant |