UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kimball Area Public Schools,<br>Independent School District No. 739,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>I.R.M., by and through his Parent,<br>L.M.,<br><br>    Defendants/Counterclaim Plaintiffs. | Civil File No. 23-CV-02637 (NEB/LIB)<br><br>**DEFENDANTS' STATEMENT<br>OF THE CASE** |

---

Defendants, I.R.M. (the "Student") and L.M. (the "Parent"), submit the following as their Statement of the Case.

### DEFENDANTS' VERSION OF THE FACTS

The Defendants filed a Due Process Hearing Request, on March 31, 2023. As part of their hearing request, the Defendants alleged that the Plaintff (the "District") had denied the Student a free appropriate public education ("FAPE") by failing to include staff support for him to access his Autism Assistance Dog ("AAD") in his Individualized Education Program ("IEP"). As relief, the Defendants requested that the District be ordered to provide staff support for the Student to access his AAD while at school in his IEP.

The District filed its own Due Process Hearing Request on April 10, 2023. The District alleged that the IEP it proposed on February 16, 2023 provided FAPE to the Student. The proposed IEP required the Student to attend school full days and did not allow him to attend Applied Behavioral Analysis Therapy ("ABA") in the afternoons. The Parent rejected the proposed IEP primarily because it did not include staff support for the Student to access his AAD

1

at school and because it would have required him to attend school full days and forego ABA therapy.

Both hearing requests were consolidated, and they proceeding to hearing on May 1, 2, 3, 4, and 23, 2023. On June 30, 2023, the administrative law judge ("ALJ") issued a 22-page Findings of Fact, Conclusions of Law, and Order ("Order"). The ALJ found in favor of the Defendants on their primary claim that staff support for the Student to access his AAD was necessary for the Student to receive FAPE. The ALJ ordered the District to provide AAD handling services, at public expense, to support the Student's use of his AAD at school.

The ALJ found against the District on its sole claim that its proposed IEP provided the Student with FAPE. Specifically, the ALJ found that the District had not met its burden of proving that its proposed full-day program is more beneficial to the Student than his current altered school day. The ALJ ordered that the District maintain the previous altered school day so that the Student could attend ABA therapy in the afternoons.

Based on a decision in both due process hearings that was favorable to the Student and Parent, the Defendants are currently the prevailing party and are entitled to an award of attorneys' fees. Following the favorable decision at the administrative level, the Defendants filed a Complaint for attorneys' fees with this Court, Civil Case No. 23-CV-2226(NEB/LIB).

Following the ALJ's decision, on August 28, 2023, the District filed this current appeal of the ALJ's June 30, 2023 Order with this Court. On October 23, 2023, the Defendants filed an Answer and Counterclaim, asserting violations of the Americans with Disabilities Act ("ADA").

### PARTICULAR FACTS SUPPORTING DEFENDANTS' CLAIMS

1. The Defendants prevailed in both administrative due process hearings and obtained the primary relief they sought through the administrative hearings.

2. The ALJ found that the Student succeeded in proving that an IEP, that did not include an AAD handler at public expense, did not afford him FAPE.

3. The ALJ ordered the District to provide AAD handling services, at public expense, to support the Student's use of his AAD at school.

4. The ALJ found that the District has not met its burden of proving that its proposed full-day program is more beneficial to the Student than his present altered school day.

5. The ALJ ordered the District to maintain the previous altered school day so that the Student could attend ABA therapy in the afternoons.

6. The ALJ's Order is based on the correct legal standards.

7. The ALJ's Order is based on an extensive administrative record that spanned five days of evidentiary hearing.

8. The ALJ displayed no bias during the hearing and provided both parties with an impartial due process hearing.

9. At the time the Defendants filed their Complaint for attorneys' fees on July 26, 2023, they had incurred $57,930.00 in attorneys' fees.

10. The Defendants continue to incur additional attorneys' fees in defending this appeal, as well as prosecuting their Complaint for attorneys' fees in Civil Case No. 23-CV-2226 (NEB/LIB).

11. The Defendants have incurred an additional $7,816.50 in attorneys' fees since July 26, 2023.

## APPLICABLE LAW

The IDEA provides that a court reviewing a state administrative decision "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the

request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C); see also <u>Sneitzer v. Iowa Dep't of Educ.</u>, 796 F.3d 942, 948 (8th Cir. 2015) (noting that when reviewing administrative decisions, "[t]he district court must make its decision independently, based on a preponderance of the evidence, as to whether the IDEA was violated").

Thus, "the district court must 'independently determine whether the child [in question] has received a FAPE.'" <u>K.E. ex rel. K.E. v. Inep. Sch. Dist. No. 15</u>, 647 F.3d 795, 803 (quoting <u>CJN v. Minneapolis Pub. Sch.</u>, 323 F.3d 630, 636 (8th Cir. 2003)). At the same time, courts should give the ALJ's decision "due weight." <u>Id</u>. (quoting <u>Indep. Sch. Dist. No. 283 v. S.D. ex rel. J.D.</u>, 88 F.3d 556, 561 (8th Cir. 1996)). The Eighth Circuit has emphasized that the court's "review is not necessarily de novo." <u>Sneitzer</u>, 796 F.3d at 948.

## **ITEMIZATION AND EXPLANATION OF CLAIMED DAMAGES**

At the time that the Defendants filed their Complaint for attorneys' fees, they had incurred $57,930.00 in attorneys' fees. At the same time, the Defendants filed an attorney affidavit that itemized all requested attorneys' fees to that date. Since filing their Complaint for attorneys' fees, and since the District filed its appeal of the administrative decision, the Plaintiffs have incurred approximately $7,816.50 in additional attorneys' fees. The Defendants will file a supplemental attorney affidavit of fees in Civil Case No. 23-CV-2226 (NEB/LIB) documenting the additional attorneys' fees.

RESPECTFULLY SUBMITTED,

AUTISM ADVOCACY & LAW CENTER, LLC

Date: <u>November 28, 2023</u>         */s/ Jason L. Schellack*
                                       Jason L. Schellack, License No. 0391579
                                       Attorney for the Defendants
                                       901 North Third Street, Suite 120

4

Minneapolis, MN 55421
Tel. 612.200.9920
Email: jason@autismlawcenter.com