

Jay T. Squires*†
Michael J. Waldspurger*
Amy E. Mace
Trevor S. Helmers*
John P. Edison*
Liz J. Vieira*
Kristin C. Nierengarten
Zachary J. Cronen
Michael J. Ervin

Tessa S. Wagner
Abigail R. Kelzer
Marcus B. Jardine
Victoria M. Callander
William M. Seiler
Dalia N. Istephanous
Molly M. Fischl
Thomas M. Jorgensen
Craig W. Hardie

*Also Admitted in Wisconsin
†Real Property Specialist Certified - MN State Bar Association

June 7, 2024

**via electronic filing and service**
The Honorable Nancy E. Brasel
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

    RE:    *ISD No. 739, Kimball Area Public Schools v. I.R.M., et al.*
              Civil No. 23-2637 (NEB/LIB)
              Our File No. 1696-0083

Dear Judge Brasel:

    In accordance with the District of Minnesota Local Rule 7.1(f)(1)(D) the purpose of this letter is to request that Plaintiff in the above-captioned case be allowed to exceed the word limit set in Local Rule 7.1(f)(1)(A) and (B) in its motion for judgment on the pleadings. Plaintiff's motion concerns an appeal of the decision and order of Administrative Law Judge ("ALJ") Eric Lipman in OAH Docket No. 8-1300-39140 and OAH Docket No. 8-1300-39157. Plaintiff is requesting a word count increase of 2,500 words to a total of 14,500 for both its initial memorandum and reply memorandum due to the volume of issues and documents that need be addressed in support of Plaintiff's motion. Plaintiff's initial memorandum totaled 10,260 words. Doc 25-1.

    The record of the administrative hearing ALJ Lipman's decision is based upon is extensive. The hearing took place over five full days with several witnesses testifying each day. The transcripts of all five days of hearing are more than a thousand pages in length. *See* Doc. 19-1. In addition to the quantity of testimony, just over one hundred exhibits were introduced at hearing and total several hundred pages in combined length. *See generally* Doc. 21. Plaintiff requests the Court's permission to increase the word limit for to adequately address all evidence in the record because, without an increase, Plaintiff will be forced to limit relevant citations to the record that demonstrate the merit of Plaintiff's appeal of ALJ's Lipman's decision and order.

    The issues presented in this case also necessitate an increase in the word count imposed by the local rules. Plaintiff's motion concerns intricacies of the Individuals with

June 7, 2024
Page 2

Disabilities Education Act ("IDEA"), its application to the facts of this case, and ALJ Lipman's errors when interpreting the requirements of IDEA. The nature of this case also requires an analysis of the intersection of IDEA with the Americans with Disabilities Act. This motion also presents issues of first impression in this jurisdiction which require extensive analysis.

Where there is overlap between Plaintiff's motion and Defendant's cross-motion, Plaintiff does not intend to repeat arguments. However, because Plaintiff's motion addresses additional issues not addressed in Defendant's cross-motion, Plaintiff must include its reply on such issues in its Reply Memorandum in support of its motion.

While Plaintiff will endeavor to be as succinct and efficient as possible under the circumstances, it believes an overall increase in the word count limit by 2,500 words to 14,500 words total between the initial and reply memoranda is necessary to adequately present all relevant information and legal arguments to the Court in support of its motion.

Very Truly Yours,

*s./Elizabeth J. Vieira*

Elizabeth J. Vieira
William M. Seiler