UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| Kimball Area Public Schools,<br>Independent School District No. 739, | Civil No. 23-2637 (NEB/LIB) |
| Plaintiff and Counter Defendant, | SECOND AMENDED<br>PRETRIAL SCHEDULING ORDER |
| v. | |
| I.R.M. by and through his parent, L.M., | |
| Defendant and Counter Claimant. | |

* * * * * * * * * * * * * * * * * * * *

Upon consideration of the parties' second stipulation (Docket No. 48), to amend the Pretrial Scheduling Order, as may be slightly modified by the Court pursuant to its inherent authority to manage litigation pending before it, and in accordance with the provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Second Amended Pretrial Schedule will govern these proceedings.  **The Schedule may be modified further only upon formal Motion and a showing of good cause as required by Local Rules 7.1 and 16.3.**

**Counsel shall also comply with the Electronic Case Filing Procedures For the District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004.**

THEREFORE, It is –

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **January 15, 2024**.  The period during which the parties must conduct all discovery

(whether fact or expert) shall terminate on **January 15, 2025**.[1]  Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further or additional discovery shall be permitted after the above date except upon motion and by leave of the Court for good cause shown, and any independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **March 1, 2024**.[2]

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **February 15, 2025**, by calling Jennifer Beck at 218-529-3520, Courtroom Deputy for Magistrate Judge Leo I. Brisbois.  All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) of the Electronic Case Filing Procedures For The District of Minnesota.  No discovery Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

---

[1]  See Local Rule 16.2(d)(3) of the United States District Court For The District of Minnesota Local Rules.

[2]  This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages.  Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to the discovery deadline in Paragraph I.

IV.

A Mandatory Settlement Conference pursuant to Local Rule 16.5(b) in the above-entitled matter will be set before Magistrate Judge Leo I. Brisbois, **for some time in April 2025, 10:00 a.m.** in Courtroom No. 1, Edward J. Devitt Federal Building and U.S. Courthouse, 118 South Mill Street, Fergus Falls, Minnesota.  A separate Notice of this Settlement Conference shall be issued outlining the parties' obligations for preparation and for appearance of the Conference.[3]

V.

That no more than **twenty-five (25)** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), **twenty-five (25)** Requests for Production (pursuant to Rule 34), and **twenty-five (25)** Requests for Admissions (pursuant to Rule 36), shall be served by any side.

VI.

That no more than **seven (7)** depositions (excluding expert depositions) shall be taken by any side without prior Order of the Court.[4]

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.[5]  Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify.  The disclosure shall be accompanied by a written

---

[3] The parties may engage in private ADR at any time prior to this mandatory settlement conference with the Court.  The parties do not need prior approval of private ADR from the court, but they should file a joint letter to the Court on CM/ECF advising the Court of the result of any private ADR efforts that may be undertaken.

[4] All discovery permitted by this Scheduling Order beyond the Administrative Record shall be directed at the counter-claim.

[5] This includes any witnesses who were retained for purposes of conducting an examination pursuant to Rule 35.

report prepared and signed by the expert witness.[6]  As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

    a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

    b.    The compensation to be paid for the study and testimony;

    c.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e.    The data or other information considered by the witness in forming the opinions; and

    f.    Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's-Counter Defendant's disclosures shall be made on or before **October 31, 2024**.  The Defendant's-Counter Plaintiff's disclosures shall be made on or before **October 31, 2024**.  Any rebuttal disclosures thereto shall be made on or before **November 30, 2024**

## VIII.

The parties **do** contemplate taking expert discovery depositions relative to the counter-claim.  No more than **one (1)** deposition of each disclosed expert thereon may be taken without prior Order of the Court.

## IX.

That each party shall fully supplement all discovery responses according to Rule 26(e),

---

[6] If no written report is required by Rule 26(a)(2)(B), the disclosures shall still comply with Rule 26(a)(2)(C).

Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

X.

All dispositive motions must be filed by the moving party on or before **March 17, 2025**.[7] All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures For The District of Minnesota and in compliance with Local Rule 7.1.  Counsel shall schedule the hearing by calling Kristine Wegner, Judge Brasel's Courtroom Deputy, at 612-664-5050.  **Courtesy copies are not requested or accepted by Judge Brasel.**

XI.

That this case shall be ready for Trial on **July 17, 2025**[8], or 30 days after the Court renders its Order on any dispositive motion (whichever is later), at which time the case will be placed on the Court's **JURY** trial calendar.[9]  That the anticipated length of Trial is **three (3) days**.

BY THE COURT:

DATED: September 18, 2024

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

---

[7] The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.  If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

[8] **THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**

[9] **The parties are encouraged to discuss and seriously consider consenting to trial by the Magistrate Judge.  See, 28 U.S.C. sec. 636(c).  Consent could simplify case management, reduce time and expense to the parties, and allow for a date certain trial earlier because it would not need to compete with dates on the Felony trial calendar of the District Judge.**