UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kimball Area Public Schools, Independent School District No. 739, | Civil Case No. 23-CV-02637 (NEB/LIB) |
| Plaintiff/ Counterclaim Defendant, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| I.R.M., by and through his Parent, L.M., | |
| Defendants/ Counter Claimants. | |

---

The parties stipulate that the court may enter the following protective order:

**1.**     **Definitions.** As used in this protective order:

    (a)     "attorney" means an attorney who has appeared in this action;

    (b)     "confidential document" means a document designated as confidential under this protective order;

    (c)     to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)     "document" means information disclosed or produced in discovery, including at a deposition;

    (e)     "notice" or "notify" means written notice;

    (f)     "party" means a party to this action; and

1

(g) "protected document" means a document that is designated as confidential, protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Scope.**

The protection conferred by this Stipulation and Order covers protected materials and any information extracted from the protected materials. The stipulation and order does not cover any information that is in the public domain, including that material that becomes part of the public record through trial. Any use of protected materials at trial shall be governed by a separate agreement or order.

**4. Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party, including any current or former employee, Board Member, or agent of Independent School District No. 739 or Benton Stearns Education District who has or may have information relevant to this matter;

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned Kimball Area Public Schools v. I.R.M. et al., Case No. 23-CV-02637 (NEB/LIB), in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

(7) any contractor or vendor engaged by one of the above for photocopying, transcription, document management, or similar litigation support, provided such contractor or vendor agrees not to disclose or disseminate documents other than to the providing entity or pursuant to a court order or subpoena, with notice to the providing entity in advance of compliance; and

(8) representatives of the District's insurer.

3

(c)     A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorneys' eyes only," in which case a confidential document so designated, and the contents thereof, may not be revealed to another party or party's non-attorney representative unless the designating party thereafter agrees in writing, or a court order allows such disclosure. Individuals authorized to view or access information designated "attorneys' eyes only" without written agreement or a court order include those identified in Paragraph 4.(b) (1), (2), (3), (4), (7) or (8).

(d)     If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(e)     The designation of "confidential" referred to herein shall only be made in relation to documents as to which there is a reasonable basis for doing so as provided under Fed. R. Civ. P. 26(c), 20 U.S.C. 1232g, Minn. Stat. Ch. 13, or any other applicable data privacy law. The designation of "attorneys' eyes only" shall be used only for confidential documents containing personal information not directly related to a factual matter at issue in this litigation. The parties agree that medical records and portions of personnel files that contain non-public data pursuant to Minn. Stat. § 13.43 may be marked "attorneys' eyes only."

(f)     If only a portion of a document is confidential, the party who or which designates it as confidential or attorneys' eyes only shall only so designate that part which is confidential and not the rest of the document. In the case of any document so designated, any party may disclose that portion of the document that has not been designated as confidential or attorneys' eyes only, but first fully and completely

      redacting that portion so designated in advance of disclosing the document to anyone not entitled to see the part so designated

5. **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

6. **Use of a Confidential Document in Court.**

    (a) **Filing.**  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with Local Rule 5.6.

    (b) **Presentation at a hearing or trial**.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must notify the other party or the non-party at least seven days before the intended use. The other party or the non-party may agree to such use or seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) **Document disclosed or produced by a party.**  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) **Document produced by a non-party.**  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) **Changing a designation by court order.** A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the

motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must:

    (1)    return or destroy all confidential documents; and

    (2)    notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

    (b)    Notwithstanding paragraph 9(a), each attorney may retain a copy of any confidential document submitted to the court, all deposition transcripts, any exhibits used in a deposition, and any correspondence that quotes or describes a confidential document.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    **Notice.**

    (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) **Handling of Protected Document.** A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

    (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

12. **Educational Data.** To the extent Defendants/ Counter Claimants request through discovery any records containing educational data as defined in Minn. Stat. § 13.32 and Plaintiff/ Counterclaim Defendant agree that such data are relevant in the instant proceeding, this Protective Order shall serve as an order requiring Plaintiff/ Counterclaim Defendant to disclose such records in accordance with Minn. Stat. § 13.32 and 34 C.F.R. § 99.31(a)(9). Prior to disclosing educational data pursuant to this paragraph, Plaintiff/ Counterclaim Defendant shall make a reasonable effort to notify the subjects of the data in accordance with the requirements of 34 C.F.R. § 99.31(a)(9).

13. **Personnel Data.** To the extent Defendants/ Counter Claimants request through discovery any records containing private personnel data on individuals other than themselves as defined in Minn. Stat. § 13.43 and Plaintiff/ Counterclaim Defendant agree that such data are relevant in the instant proceeding, this Protective Order shall serve as an order requiring

Plaintiff/ Counterclaim Defendant to disclose such records in accordance with Minn. Stat. § 13.43, subdivision 4, subject to an attorneys' eyes only designation.

**KANE EDUCATION LAW, LLC**

DATE: February 4, 2025

/s/ Margaret O'Sullivan Kane

Margaret O'Sullivan Kane (No. 220243)
1041 Grand Ave., Ste. 263
St. Paul, MN 55105
651.222.8611
mkane@kaneeducationlaw.com

**ATTORNEYS FOR DEFENDANTS/ COUNTER CLAIMANTS I.M. AND L.R.M.**

**SQUIRES, WALDSPURGER & MACE, P.A.**

DATE: February 4, 2025

/s/ William M. Seiler

Elizabeth J. Vieira (Atty. No. 392521)
William M. Seiler (Atty. No. 403745)
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
P: (612) 436-4300
F: (612) 436-4340
liz.vieira@raswlaw.com
will.seiler@raswlaw.com

**ATTORNEYS FOR PLAINTIFF/ COUNTERCLAIM DEFENDANT KIMBALL AREA PUBLIC SCHOOLS**

8