UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kimball Area Public Schools, Independent School District No. 739, | Civil Case No. 23-CV-02637 (NEB/LIB) |
| Plaintiff/ Counterclaim Defendant, | **DECLARATION OF LAURA MCMAHON** |
| v. | |
| I.R.M., by and through his Parent, L.M., | |
| Defendants/ Counterclaim Plaintiffs, | |

Laura McMahon, under penalty of perjury, declares the following:

1. I am the Mother and Legal Guardian of Defendant/Counterclaimant I.R.M.

2. Based on my firsthand observation of my son at home, in school, and in the community, as well as reports from his special education teacher and other members of his IEP Team and his medical treatment providers, there has been a significant decrease in the frequency and severity of I.R.M.'s emotional meltdowns, dysregulation, self-injury, aggression toward others, and elopement in all environments, including at school, since introducing his AAD to the school setting. I attribute this progress in large measure to the consistent and able assistance of his AAD over the past three years in all environments, including at school.

3. I made multiple requests of various District officials for accommodations and modifications so that I.R.M. could have the benefit of his AAD at school that were

1

repeatedly denied. On no occasion was I ever provided notice or any information from anyone at the District about filing a disability discrimination complaint, our right to an investigation and resolution of that complaint, or about any of our rights with respect to enforcement of disability discrimination protections that I now understand are required to be provided.

4. Based on my firsthand observations of my son at home, in school, and in the community, as well as reports from his special education teacher and other members of his IEP Team and his medical providers, and review of I.R.M's educational records, there have been significant improvements in I.R.M.'s ability to independently handle and cue his AAD, and a significant reduction in the level of adult assistance needed for I.R.M. to handle his AAD in all settings, including at school. I attribute this progress in large measure to the consistent and able assistance of his AAD over the past three years in all environments, including at school.

5. My son's Special Education Teacher for the 2023-2024 and 2024-2025 school years, Amelia Burg, directly reported to me on several occasions over those years that the assistance required for I.R.M. to handle his AAD has decreased significantly over the last two years, and that I.R.M. and his AAD are able to respond to impending and actual meltdowns, self-injury, aggression, and elopement almost entirely independent of adult support and with little staff effort.

6. My previous attorney, Margaret O'Sullivan Kane, never requested I.R.M.'s educational or treatment records, nor did she enter any of I.R.M.'s recent progress reports into the record in discovery for reasons we never discussed.

7. On April 3, 2025, Ms. Kane notified me that she intended to withdraw as counsel and asked us to find alternate counsel. We objected but began to search for appropriate substitute counsel. On June 25, 2025, we retained current counsel to represent us in this matter.

8. The testimony of Amelia Burg, the educational and treatment records that support the progress she has reported, and updated observation reports from the AAD trainer have not yet been produced in discovery for reasons not discussed with prior counsel.

9. It was not until June 30, 2025, that I.R.M.'s educational and behavioral health records were requested by current counsel. On information and belief, those records will document the progress I.R.M. has made in handling and benefitting from his AAD, and also the reduction of handling assistance he now requires.

10. No District staff or administration has *ever* told me that I.R.M.'s AAD has *ever* been out of control, a danger or threat, or not housebroken, a fact that Ms. Burg can verify.

11. No District staff or administration has *ever* told me that I.R.M.'s AAD has *ever* needed grooming, feeding, veterinary care, or bathroom breaks at school, and we have never requested that the District perform those tasks as they are our responsibility and we have always performed them.

12. Our son and we have consistently performed all tasks for his AAD that we think

are fairly characterized as "care and supervision" under the ADA.

Dated: July 7, 2025

_____
Laura McMahon