

Jay T. Squires*†  
Michael J. Waldspurger*  
Amy E. Mace  
Trevor S. Helmers*  
John P. Edison*  
Liz J. Vieira*  
Kristin C. Nierengarten  
Zachary J. Cronen  
Michael J. Ervin*  
Abigail R. Kelzer  

Tessa S. Wagner  
Marcus B. Jardine  
William M. Seiler  
Dalia N. Istephanous  
Molly M. Fischl  
Craig W. Hardie  
Shelby M. Borthwick  
Maxwell S. Blosser  
Jesse C. Peterson  

*Also Admitted in Wisconsin  
†Real Property Specialist Certified - MN State Bar Association

July 22, 2025

**via electronic filing and service**
The Honorable Nancy E. Brasel
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

RE:  *ISD No. 739, Kimball Area Public Schools v. I.R.M., et al.*
     Civil No. 23-2637 (NEB/LIB)
     Our File No. 1696-0083

Dear Judge Brasel:

In accordance with the District of Minnesota Local Rule 7.1(f)(1)(D) the purpose of this letter is to request that Plaintiff/ Counterclaim Defendant Independent School District 739 ("District") be allowed to exceed the word limit set in Local Rule 7.1(f)(1)(A) and (B) in its motion for summary judgment.

The District's initial memorandum in support of its motion for summary judgment filed on June 30, 2025 was a total of 10,095 words. Doc. 122-1. The District wrote 4,316 words in support of summary judgment on Defendant/Counterclaim Plaintiffs' ("Counterclaimants") retaliation counterclaim. *See* Doc. 122 at 22-38. Counterclaimants are no longer pursuing their retaliation counterclaim. *See* Doc. 141 at 41-42. The District first learned Counterclaimants did not intend to pursue the retaliation counterclaim when Counterclaimants filed their Motion to Amend the Scheduling Order on July 7, 2025. *See* Doc. 130 at 17. The District had no way of knowing when it filed its motion for summary judgment on June 30 that Counterclaimants would abandon that counterclaim one week later.

Had the District known that Counterclaimants would abandon their retaliation counterclaim, the District would not have used more than one-third of the word-count allowed for a summary judgment motion to address that counterclaim. The District now requests a word count increase of 4,316 words to a total of 16,316 combined words for its initial and reply memoranda. The increase directly reflects the number of words the District

July 22, 2025
Page 2

expended seeking summary judgment of a claim that Counterclaimants no longer wish to pursue. Additional words are also necessary to properly address Counterclaimants' request for summary judgment under Fed. R. Civ. P. 56(f). *See* Doc. 141 at 2.

While the District will endeavor to be as succinct and efficient as possible under the circumstances, it believes an overall increase in the word count limit by of 4,316 words to a total of 16,316 words total between the initial and reply memoranda is necessary to adequately present all relevant information and legal arguments to the Court in support of its motion and in opposition to Counterclaimants' motion.

Very Truly Yours,

*/s/ William M. Seiler*

Elizabeth J. Vieira
William M. Seiler