UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kimball Area Public School, Independent School District No. 739,<br>　　　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>I.R.M., by and through his Parent, L.M.,<br><br>　　　Defendants/Counterclaim Plaintiffs. | Case No. 23-cv-2637 (NEB/LIB)<br><br>**ORDER** |

---

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendants'/Counterclaimants' Motion to Amend the Scheduling Order. [Docket No. 128]. The Court held a Motion Hearing on August 12, 2025, and took the matter under advisement. (Minute Entry [Docket No. 153]).

For the reasons discussed herein, Defendants'/Counterclaimants' Motion to Amend the Scheduling Order, [Docket No. 128], is **DENIED**.

## I.　BACKGROUND

This lawsuit was filed on August 28, 2023, by Plaintiff, Kimball Area Public Schools (the "District"). It appeals a decision by the Minnesota Department of Education ordering the District to provide a handler for Defendant I.R.M.'s autism assistance dog ("AAD") as part of the student's Individualized Education Program ("IEP"). (See Compl. [Docket No. 1] at ¶ 65; Plf.'s Statement of the Case [Docket No. 11] at 1). The District did not claim any damages and sought only a reversal of the Minnesota Department of Education's decision. (See Compl. [Docket No. 1] at ¶¶

1

88–92; Plf.'s Statement of the Case [Docket No. 11] at 5).

On October 24, 2023, Defendant I.R.M.'s mother, L.M., filed a counterclaim against the District alleging, in part, that the District violated Titles II and V of the Americans with Disabilities Act of 2009 ("ADA") and its implementing regulations by failing to reasonably modify its school policies that prevented I.R.M. from bringing his service dog to school unless accompanied by a separate, full-time, adult handler. (Answer and Counterclaim [Docket No. 6] at ¶¶ 21–30; Def.'s statement of the Case [Docket No. 13] at 1). The Counterclaim seeks a withdrawal of Plaintiff's appeal of the MN Department of Education's decision, attorneys' fees, reimbursement of expenses to L.M. incurred as a result of her being I.R.M.'s service dog handler, lost education opportunity damages for I.R.M., compensatory damages for I.R.M. and L.M. for discrimination and retaliation,[1] as well as, various other nonmonetary relief. (Answer and Counterclaim [Docket No. 6] at ¶¶ A–F;[2] see also Def.'s statement of the Case [Docket No. 13] at 6).

On December 15, 2023, the Court entered its original Pretrial Scheduling Order. [Docket No. 16]. Since the Court issued that original order, the Parties have twice stipulated to amend the scheduling order. (See Orders [Docket Nos. 45, 48]). On September 18, 2024, the Court issued its Second Amended Pretrial Scheduling Order, [Docket No. 50], which was the operative schedule for the majority of the present litigation regarding discovery. The Second Amended Pretrial Scheduling Order set fact and expert discovery due by January 15, 2025. (Id.).

On January 28, 2025, the District filed a Motion to Compel Discovery with the Court, requesting an Order compelling Counterclaimants to provide sufficient discovery responses to

---

[1] Counterclaimants have since abandoned their retaliation claims against the District. (See Counterclaimants' Memo. [Docket No. 130] at 17).
[2] The Defendants' Counterclaim mistakenly labels both the sixth and seventh paragraphs of the requests for relief as item "F." This is clearly a typographical error. Therefore, the Court's reference to paragraph "F" should be understood as encompassing both paragraphs listed in the Defendants' requested relief.

specified Interrogatories and Requests for Production of Documents relating to their counterclaims. (See Plf.'s Motion [Docket No. 60]). This motion included requests for Counterclaimant to identify acts related to Counterclaimants' discrimination and retaliation claims under the ADA. (Plf.'s Memo. [Docket No. 62] at 12–15). In its subsequent Order, [Docket No. 95], the Court granted in part and denied in part the District's Motion to Compel, and it also issued its Third Amended Pretrial Scheduling Order. (Third Amended Pretrial Scheduling Order [Docket No. 96]). This Third Amended Pretrial Scheduling Order extended the dispositive motion deadline until June 30, 2025,[3] and set the trial ready date for October 30, 2025. (Id. at 5). In addition, the Third Amended Pretrial Scheduling Order retroactively extended the discovery deadlines from January 15, 2025, to February 15, 2025. (Id. at 2).

On March 31, 2025, Judge Nancy Brasel issued her decision on the cross-motions for Judgement on the Administrative Record (Order [Docket No. 99]), reversing the decision by the Minnesota Department of Education that the District had to provide a handler for Defendant I.R.M.'s autism assistance dog ("AAD") as part of the student's Individualized Education Program ("IEP"). (See generally Order [Docket No. 99]). The Court then entered a judgement on April 1, 2025, in favor of the District. (Judgement [Docket No. 100]). Shortly after the Court's decision, Counterclaimants filed a Notice of Appeal to the Eighth Circuit, [Docket No. 102], regarding the Court's Judgement, but they later agreed to stipulate to dismiss the appeal on June 11, 2025. (USCA Judgment [Docket No. 114]).

While the Counterclaimants then attorney of record purportedly informed her clients of her desire to withdraw as counsel on April 3, 2025, it was only on June 27, 2025, that

---

[3] The District initially submitted its Motion for Summary Judgment on March 17, 2025, [Docket No. 87]; however, in light of the Court's Third Amended Pretrial Scheduling Order, [Docket No. 96], extending the dispositive motion deadline for June 30, 2025, the District withdrew their Motion for Summary Judgement to be refiled at a later date. (See Letter [Docket No. 97]).

3

Counterclaimants' attorney filed her Notice of Withdrawal with Substitution, [Docket No. 118]. On June 30, 2025, the District filed its Motion for Summary Judgement, [Docket No. 120], pertaining to the remaining counterclaims being asserted against it by Counterclaimants. With substitute counsel for Counterclaimants in place, the Summary Judgment Motion has been fully briefed as of August 4, 2025, [Docket Nos. 122, 141, 152], and a hearing is currently set for October 20, 2025, before Judge Brasel. (Notice of Hearing [Docket No. 121]).

On July 7, 2025, Counterclaimants filed their third Moton to Amend the Pretrial Scheduling Order. (Third Motion [Docket No. 128]). While acknowledging that the discrimination claims have been pending since October 24, 2023, [Docket No. 6], and that the discovery deadlines have since passed on February 15, 2025, Counterclaimants seek an Order from this Court to once again modify the Court's Third Amended Pretrial Scheduling Order to allow for supplemental discovery. (Counterclaimants' Memo. [Docket No. 130]). The discovery which Counterclaimants purport to seek relates to evidence to support their counterclaim for discrimination which intended to show that I.R.M.'s Autism Assistance Dog has improved his condition at school. Specifically, Counterclaimants seek to obtain: (1) an additional, updated observation of I.R.M. and his Autism Assistance Dog at school; (2) a report from the assistance dog trainer from "Can Do Canines" Elizabeth Reberk[4]; (3) a deposition of Amelia Burg, I.R.M.'s special education teacher for the 2023, 2024, and 2025 school years; and (4) updated educational and treatment records from the prior two school years. (Id. at 1–2). While Counterclaimants represent that they do not seek an

---

[4] Counterclaimants repeatedly refer to Elizabeth Reberk as a "disclosed expert." (See Counterclaimants' Memo. [Docket No. 130] at 1 ("previously identified as the assistance dog trainer expert witness"); 11 ("Despite properly disclosing experts such as Ms. Reberk…); 14 ("Reberk's expanded expert testimony…")). But Counterclaimants only referred to Ms. Reberk as an "expert" in a single answer to one of the District's Interrogatories. See Ex. 6 at 13, Int. 19. Counterclaimants, prior to this motion, have not properly disclosed Ms. Reberk as an expert witness. They failed to provide expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or (C) before, on, or after October 31, 2024. (Second Amended Pretrial Scheduling Order [Docket No. 50] at 4). Counterclaimants have not asked the Court to amend the expired expert disclosure deadline.

4

extension of the trial ready date, they nonetheless proffer that the additional discovery would take at least sixty (60) days to complete. (Id.).

The District opposes the Counterclaimants' Motion to amend the scheduling order on the grounds that they have failed to show either the requisite extraordinary circumstances to bring an untimely motion or the good cause that would warrant extending a scheduling order after the discovery deadline has long passed. (See generally District's Memo. [Docket No. 139]).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3(b), a party who moves to modify a scheduling order must demonstrate good cause to do so. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008) (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006); see also Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.")). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [a court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

"Obedience to the constraints of the Court's Scheduling Orders is critical if the Court is to capably perform its case management responsibilities." Damgaard v. Avera Health, No. 13-cv-2192 (RHK/JSM), 2015 U.S. Dist. LEXIS 46997, 2015 WL 1608209, at *7 (D. Minn. Apr. 10, 2015) (quoting Tomlin v. Holecek, 158 F.R.D. 132, 135 (D. Minn. 1994)). However, determining whether or not good cause through due diligence has been shown falls within the Court's broad

discretion. See, e.g., Portz v. St. Cloud State Univ., No. 16-cv-1115 (JRT/LIB), 2017 U.S. Dist. LEXIS 123495, 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017); Shank v. Carleton Coll., 329 F.R.D. 610, 614 (D. Minn. 2019); Hill v. Southwest Energy Co., 858 F.3d 481, 484 (8th Cir. 2017) (noting that "[a] district court has very wide discretion in handling pretrial discovery").

In addition to the burden to show good cause, under the Local Rules of the District of Minnesota, a movant who seeks to reopen a scheduling order after the deadline in question has already lapsed must also demonstrate that the case involves "extraordinary circumstances." See Minn. Local R. 16.3(d) ("Except in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order."); Hutchinson Technology Inc. v. Suncall Corp., Case No. 21-CV-2618 (SRN/DLM), 2024 WL 4906288, at *3 (D. Minn. June 3, 2024) ("[U]nder Local Rule 16.3 of this District, a movant who seeks to reopen a scheduling order deadline must also demonstrate 'extraordinary circumstances.'"); Berkley Reg'l Insurance Co. v. John Doe Battery Manufacturer, 20-CV-2382 (WMW/DLM), 2024 WL 5412051, at *3 (D. Minn. Feb. 6, 2024) ("Along with demonstrating good cause under Rule 16, the Local Rules of this District also require that a movant demonstrate 'extraordinary circumstances' that would warrant extending a scheduling order deadline that has passed.").

### III. ANALYSIS OF PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER. [DOCKET NO. 128].

As discussed above, Counterclaimants seek an Order from this Court to reopen discovery and modify the Court's Third Amended Pretrial Scheduling Order to allow for Counterclaimants to perform supplemental discovery in support of their claims of ADA discrimination against the

District. (Counterclaimants' Memo. [Docket No. 130]).[5] For the reasons discussed below, the Court finds that Counterclaimants have failed to show that the requisite good cause exists to further extend the already lapsed discovery deadline.

Counterclaimants cite Bradford v. DANA Corp., 249 F.3d 807, 810 (8th Cir. 2001) noting that in that case a six-month delay in finding new counsel justified denying a motion to amend the pretrial schedule for lack of good cause, but they argue that in contrast here they acted with due diligence because the substitution of their counsel occurred within three months. (Counterclaimants' Memo. [Docket No. 130] at 11). Counterclaimants explain that their prior counsel, Margret O'Sullivan Kane and Jason L. Schellack, notified them on April 3, 2025, of their desire and intent to withdraw from representation (after the expiration of the operative discovery deadline on February 15, 2025), and that Counterclaimants were able to retain substitute counsel on June 25, 2025. (Id.). On June 27, 2025, Counterclaimants' prior counsel filed their notice of withdrawal with substitution with the Court. (Notice of Withdrawal [Docket No. 118]).

Counterclaimants had, throughout most of this case, represented to this Court and Plaintiffs that in regard to their Counterclaims for discrimination against the District that the primary source of relevant discovery in regard to the counterclaims would be found almost entirely in the Administrative Record, (See Counterclaimants' Memo in Opposition to Motion to Compel. [Docket No. 70] at 7–12). Indeed, given that the counterclaims against the District have been pending since October 24, 2023, and Counterclaimants had roughly fourteen months from the issuance of the first pretrial scheduling order on December 15, 2023, [Docket No. 16], until

---

[5] Counterclaimants state that this additional discovery is necessary for them to move for a preliminary injunction to essentially maintain the status quo of the District staff providing handling assistance to I.R.M.'s service dog. (Counterclaimants' Memo. [Docket No. 130] 13–15). The Court has already determined that the District is not required to provide handling assistance to I.R.M. (Order [Docket No. 99]). However, the Court declines to comment on the merits of any such hypothetical motion for a preliminary injunction. Indeed, the fact that Counterclaimants desire the discovery for a preliminary injunction is entirely irrelevant to the Counterclaims against the District and the merits of the present motion before the Court.

7

February 15, 2025, to complete any additional relevant discovery related to prosecuting their counterclaims, it is clear that, as a matter of litigation strategy, prior counsel intended to pursue the counterclaims against the District solely on the basis of the record as established at the close of discovery on February 15, 2025. This conclusion is further supported by the fact that prior counsel did not file any motions that sought to extend the discovery deadline over the course of more than fourteen months before the discovery deadline or the non-dispositive motion deadlines established in the Third Amended Pretrial Schedule Order had lapsed.

In the present motion, Counterclaimants' substitute counsel makes it clear that they simply do not now agree with prior counsels' litigation strategy. By the time substitute counsel made an appearance in the present case, the lawsuit had been pending for several years, the parties had fourteen months to do discovery regarding the discrimination counterclaims before discovery closed,[6] a judgement had been entered against I.R.M. and his parent reversing the decision of the Minnesota Department of Education, and pursuant to stipulation, the appeal of said judgment had been dismissed by the Eighth Circuit. (USCA Judgment [Docket No. 114]).

Given this procedural history, Counterclaimants' substitute counsel now argues that additional discovery is needed to be used in seeking a preliminary injunction against the District despite the Court's already issued Judgement reversing the Minnesota Department of Education's prior decision that the District was required to provide a handler for I.R.M.'s Autism Assistance Dog ("AAD"); to further oppose the District's pending motions for summary judgment on the discrimination counterclaims;[7] as well as, for additional evidence on the counterclaim to be used

---

[6] The District, counterclaim defendant, did conduct such discovery, but the Counterclaimants chose not to likewise do so instead electing to rely on the Administrative Record from the Minnesota Department of Education below.

[7] If current counsel for Counterclaimants felt additional discovery was necessary (and had previously been unavailable to them) in order to oppose the pending motion for summary judgment, then it seems they should have sought relief from the District Judge under Fed.R.Civ.P.56(d) rather than fully briefing the dispositive motion only to separately move under Rule 16 to amend the operative pretrial schedule.

8

at trial.

However, the fact that Counterclaimants have now chosen to change their litigation strategy after discovery has closed and a Motion for Summary Judgment has been fully briefed pending a hearing, does not equate to good cause to amend a scheduling order to permit a party to re-open discovery. The result of a party's "tactical decision does not equate to good cause." Speed RMG Partners, LLC v. Arctic Cat, Inc., Case No. 20-CV-609 (NEB/LIB), 2024 WL 4544035, at *2 (D. Minn. Apr. 9, 2024)  (citing Nelson v. Tenn. Gas Pipeline Co., 243 F.3d 244, 250 (6th Cir. 2001); see also Aviva Sports, Inc. v. Fingerhut Direct Mktg, Inc., 2010 WL 4193076, at *7 (D. Minn. 2010)("A strategic decision at the beginning of the case… does not constitute good cause" after deadlines have passed.).

At the August 12, 2025, hearing, Counterclaimants argued that because they are lay persons, the Court should not impute any lack of diligence by their previous counsel as part of the good cause analysis for the purposes of this motion. (See Counterclaimants' Memo. [Docket No. 130] at 7 (Counterclaimants "should not be prejudiced for any lack of diligence, mistake, inadvertence, or incompetence of prior counsel.")). However, Counterclaimants also fail to cite any legal authority showing that a represented lay-party is insulated from the consequences of their counsel's strategic litigation decisions. Instead, courts have generally found that even in circumstances in which an attorney had an entirely understandable reason for failing to conduct discovery, such as a serious extended illness, the consequences of the attorney's failure to conduct discovery have been imputed to the party they represent. See First Fin. Sec., Inc. v. Lee, No. 14-CV-1843 (PJS/SER), 2016 WL 881003, at *3 (D. Minn. Mar. 8, 2016) ("A party is responsible for the conduct of his or her attorney—and, if the consequences of an attorney's misconduct must be borne by someone, those consequences should be borne by the party who hired the attorney rather

than by that party's opponent."); see also Schmidt v. University of Northwestern-St. Paul, Case No. 23-CV-2199 (JRT/JFD), 2024 WL 4707348, at *3 (D. Minn. Nov. 7, 2024) (noting that the court did "not fault [attorney] for his decision to focus on his health," but the attorney's failure to notice and take a deposition before the end of phased discovery was not good cause.). Indeed, this very court has noted that "it is the party who hired the attorney who bears the consequences of the attorney's conduct . . . ." Azarax, Inc. v. Wireless Commc'ns Venture, LLC, No. 16-CV-3228 (JRT/LIB), 2019 WL 13235412, at *5 (D. Minn. Jan. 15, 2019).

Counterclaimants further argue that they "will suffer significant prejudice absent the requested Order" as without additional evidence, Counterclaimants' response to the District's motion for summary judgment as it presently is filed will be significantly impaired. (Counterclaimants' Memo. [Docket No. 130] at 18). As noted above, the District filed its Motion for Summary Judgment, [Docket No. 120], on June 30, 2025; the motion has been fully briefed as of August 4, 2025; and a hearing has been set for October 20, 2025.

A nonmoving party may seek time for additional discovery upon a showing "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." Myers v. Itasca County HRA, Case No. 24-1395 (JRT/LIB), 2025 WL 1942411, at *1 (D. Minn July 15, 2025) (quoting Toben v. Bridgestone Retail operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014). Counterclaimants fail to meet these requirements.[8] They cannot now move to reopen discovery after having failed to provide an argument beyond mere speculation

---

[8] Indeed, at the hearing on the present motion to amend the pretrial schedule, counsel for the Counterclaimants argued some what at cross-purposes. While he indicated that one of the purposes for the additional discovery was the pending motion for summary judgment, he also acknowledged that in the briefing on the pending dispositive motion itself, the Counterclaimants not only argued that the District's motion should be denied but that the Court, on the present record, could actually enter a liability judgment in favor of the Counterclaimants. (See gen., Docket No. 141, p. 42).

that further discovery would enable them to rebut the movant's showing of the absence of a genuine issue of material fact. See Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993) (Denying a request for continuance absent a specific showing of what further discovery would unveil in opposition to a motion for summary judgment.); see also in accord., Schmidt v. University of Northwestern-St. Paul, 23-CV-2199 (JRT/JFD), 2024 WL 4707348, at *3 (D. Minn. July 7, 2024) (it would be prejudicial to the moving party, who has relied on the record as it existed at the close of discovery, when filing their motion for summary judgment if the Court were to allow the non-movant to take a further discovery deposition more than a month after discovery had closed).

Accordingly, the Counterclaimants' Motion to Amend the Scheduling Order, [Docket No. 128], is **DENIED**.[9]

## IV. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Counterclaimants' Motion to Amend Scheduling Order, [Docket No. 128], is **DENIED**.

---

[9] The Court notes that while it has analyzed everything under the "good cause" standard of Rule 16(b)(4), Counterclaimants' Motion wholly fails to demonstrate the requisite "extraordinary circumstances" necessary for the current operative pretrial scheduling order to be amended. Heiderscheid v. Dakota County Sheriff's Office, No. 18-CV-1180 (JNE/LIB), 2020 WL 5128147, at *5 (D. Minn. July 22, 2020), report and recommendation adopted sub nom., Heiderscheid v. Dakota Cnty. Sheriff's Off., No. 18-CV-1180 (JNE/LIB), 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 F. App'x 678 (8th Cir. 2021). As discussed above, this District's Local Rules require movants to meet a heightened standard when a party seeks to amend a scheduling order to modify a deadline that has already passed. For such motions, the party must demonstrate that "extraordinary circumstances" excuse the late motion. See Coleman v. Minneapolis Public Schools, Case No. 18-CV-2283 (DSD/ECW), 2020 WL 6042394, at *5 (D. Minn. Oct. 13, 2020). Given that Counterclaimants' fails to show "good cause" the motion necessarily also fails to show "extraordinary circumstances" and therefore, Counterclaimants' motion to amend the operative pretrial scheduling order must be denied. Id. ("In view of the Court's decision as to 'extraordinary circumstances,' the Court need not address whether Plaintiff has shown the "good cause" required for an extension of the schedule…"); see also Zarling v. Abbott Laboratories, Case No. 21-CV-0023 (MJD/JFD), 2022 WL 1598232, at *5 (D. Minn. May 20, 2022) (denying motion to amend the scheduling order when movant "points to no facts or authority that show that his motion is brought because of 'extraordinary circumstances' that merit an amendment of a court's scheduling order after its deadlines have passed…").

Date: August 29, 2025                           /s/ Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                U.S. MAGISTRATE JUDGE